UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:19-cv-034

| | |
|---|---|
| FRED NEKOUEE, individually, | : |
| | : |
| Plaintiff, | : |
| | : |
| vs. | : |
| | : |
| MSMP INVESTORS, LLC, a Colorado limited | : |
| liability company; | : |
| | : |
| GUST FAMILY ENTERPRISES, INC., a | : |
| Colorado corporation; | : |
| | : |
| and | : |
| | : |
| NATURAL GROCERS BY VITAMIN | : |
| COTTAGE, INC., a Delaware corporation; | : |
| | : |
| | : |
| Defendants. | : |
| _____ | : |

## COMPLAINT
(Injunctive Relief Demanded)

PLAINTIFF, FRED NEKOUEE, individually, on his behalf and on behalf of all other

mobility impaired individuals similarly situated (sometimes referred to as "Plaintiff"), hereby sues

the Defendants, MSMP INVESTORS, LLC, a Colorado limited liability company; GUST

FAMILY ENTERPRISES, INC., a Colorado corporation; and NATURAL GROCERS BY

VITAMIN COTTAGE, INC., a Delaware corporation (sometimes referred to as "Defendants"),

for injunctive relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans

with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1.     Plaintiff, Fred Nekouee, is an individual who resides in Lutz, Florida, in the County

of Hillsborough.

2.      Defendant MSMB Investors, LLC's property, the Main Street Marketplace, is located near Main Street and 17th Avenue, Longmont, Colorado 80501, in Boulder County ("Main Street Marketplace").

3.      Defendant Gust Family Enterprises, Inc.'s store, Ace Hardware, is located at 1727 N. Main Street, Longmont, Colorado 80501 and is in the Main Street Marketplace ("Ace Hardware").

4.      Defendant Natural Grocers by Vitamin Cottage, Inc.'s store, Natural Grocers, is located at 1745 N. Main Street, Longmont, Colorado 80501 and is in the Main Street Marketplace ("Natural Grocers").

5.      Venue is proper in the District of Colorado because venue lies in the judicial district of the situs of the property.   The Defendant's property is located in and does business within this judicial district.

6.      Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendants' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.   See also 28 U.S.C. § 2201 and § 2202.

7.      Defendants each own, lease, lease to, or operate a place of public accommodation as defined by the ADA, 42 U.S.C. § 12181(7)(E), and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104.

8.      The Main Street Marketplace is a place of public accommodation.

9.      Ace Hardware is a place of public accommodation.

10.     Natural Grocers is a place of public accommodation.

11.     Defendants are responsible for complying with the obligations of the ADA.

12.    Plaintiff Fred Nekouee is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.  Fred Nekouee has progressive multiple sclerosis and requires the use of a wheelchair for mobility.

13.    Mr. Nekouee travels to the Longmont-Firestone area every three to six months to accompany his brother at heavy equipment auctions and to visit heavy equipment dealerships, where he assists his brother compare prices to equipment available in other areas, or to help his brother evaluate whether to buy or sell heavy equipment, or to vacation.

14.    Fred Nekouee has visited the property which forms the basis of this lawsuit on August 3, 2018 and October 1, 2018, and he bought goods and sought to avail himself of the services at the Main Street Marketplace, Ace Hardware and Natural Grocers on such dates.

15.    Fred Nekouee attended a heavy equipment auction in the area on October 3, 2018, and he visited Rocky Mountain National Park on October 2, 2018.

16.    Fred Nekouee plans to return to the property to avail himself of the goods and services offered to the public at the property.

17.    The Plaintiff has definite plans to return to the area and to the Main Street Marketplace, Ace Hardware and Natural Grocers in late January or early February of 2019.

18.    The Main Street Marketplace, Ace Hardware and Natural Grocers are close to the hotels he stays at in the area and are close to the heavy equipment auction and dealerships he visits.

19.    The Plaintiff likes to shop at Ace Hardware to look at and buy tools, batteries and small garden supplies while traveling, and since Ace Hardware is a chain, he generally knows that it carries what he likes and needs.

20.    The Plaintiff plans to return to Ace Hardware to shop again.

21.    While traveling, the Plaintiff likes to buy grocery items that he can take back to his

3

hotel room from grocery stores like Natural Grocers.

22.     The Plaintiff likes the healthy food offerings at Natural Grocers.

23.     The Plaintiff plans to return to Natural Grocers to buy groceries again.

24.     For the reasons set forth in paragraphs 13-23 and 36, Fred Nekouee plans to return to the Main Street Marketplace, Ace Hardware, and Natural Grocers.

25.     The Plaintiff has encountered architectural barriers at the subject property.

26.     The barriers to access that the Plaintiff encountered at the property have endangered his safety, impaired his ability or those accompanying him to park a vehicle, impaired his ability to access the property, and have impaired his use of the restrooms in Ace Hardware and Natural Grocers.

27.     The Plaintiff's need to use a wheelchair limits his mobility when surfaces are not nearly flat.

28.     The Plaintiff cannot move up steep inclines or down steep slopes in his wheelchair because he lacks the strength and also risks tipping his wheelchair backwards or forwards.

29.     Excessively steep cross slopes cause the Plaintiff to be unstable in his wheelchair and such excessively steep slopes pose a risk of causing the Plaintiff to tip over sideways in his wheelchair.

30.     On his visit to the Main Street Marketplace, the Plaintiff encountered excessively steep slopes in its parking lot.

31.     The Plaintiff encountered and observed barriers to access at and in the men's restroom in Ace Hardware; and so, he also tried to use the women's restroom in Ace Hardware, in which women's restroom he also encountered and observed barriers to access.

32.     The Plaintiff encountered and observed barriers to access the men's restroom in

Natural Grocers; and so, he also tried to use the women's restroom in Natural Grocers, in which women's restroom he also encountered and observed barriers to access.

33.     The Plaintiff is deterred from visiting the Main Street Marketplace even though he enjoys its  food, because of the difficulties he will experience there until the property is made accessible to him in a wheelchair.

34.     Fred Nekouee has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 39 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendants.

35.     Fred Nekouee desires to visit the Main Street Marketplace not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

36.     The Defendant has discriminated against the individual by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the building, as prohibited by 42 U.S.C. § 12182 et seq.

37.     The Defendants have discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

38.     Preliminary inspections of the Main Street Marketplace, Ace Hardware and Natural Grocers have shown that violations of the ADA exist.

39.     The violations of the ADA that Fred Nekouee personally encountered or observed include, but are not limited to:

**PARKING**

a.   The van accessible parking space in front of Little Caesars is about 108 inches wide and less than 132 inches wide with an access aisle next to the space that is about 62 inches wide.   This parking space is less than the minimum required width of 132 inches (3350 mm) when the access aisle width is 60 inches, in violation of Federal Law 2010, ADAAG §§ 502.2 and 502.3.   The Plaintiff observed this condition.

b.     As shown in the photographs below, the van accessible parking space in front of the entrance to Ace Hardware is about 110 inches wide and less than 132 inches wide with an access aisle next to this parking space that is about 47 inches wide.   This parking space is less than the minimum required width of 132 inches (3350 mm) when the access aisle width is 60 inches, in violation of Federal Law 2010, ADAAG §§ 502.2 and 502.3. The Plaintiff observed this condition.









  c. The access aisle serving the accessible parking spaces in front of the entrance to

Ace Hardware shown in the photograph in subparagraph (b) above is about 47 inches wide

and less than 60 inches wide.   This access aisle is less than the minimum required width of 60 inches (1525 mm), in violation of Federal Law 2010, ADAAG § 502.3.1.    The Plaintiff encountered this narrow access aisle.

d.   The width of the van accessible parking space to the left of the entrance to Ace Hardware (as one faces the entrance) is about 96 inches wide and less than 132 inches wide with an access aisle next to this parking space that is about 60 inches wide.   This parking space is less than the minimum required width of 132 inches (3350 mm) when the access aisle width is 60 inches, in violation of Federal Law 2010, ADAAG §§ 502.2 and 502.3. The Plaintiff observed this condition.

e.   In the parking lot, the parking space for disabled patrons with van access in front of Natural Grocers has a running slope as steep as about 1:25 (4%) and steeper than a slope of 1:48 (2%).   This parking space has a running slope steeper than the maximum allowed slope of 1:48 (2%), in violation of Federal Law 2010, ADAAG § 502.4.   The Plaintiff encountered this slope, and it made him unstable in his wheelchair while unloading from and loading into his vehicle.

f.   In the parking lot, the parking space for disabled patrons with van access in front of Ace Hardware has a running slope as steep as 1:32.3 (3.1%) and steeper than a slope of 1:48 (2%).   This parking space has a running slope steeper than 1:48 (2%), in violation of Federal Law 2010, ADAAG§ 502.4.   The Plaintiff observed this condition.

g.   In the parking lot, the middle section of the parking space for disabled patrons in front of Ace Hardware has a change in level with a running slope at such change of level as steep as about 1:13.7 (7.3%) and steeper than a running slope of 1:48 (2%).   The middle section of this parking space has a running slope steeper than the maximum allowed slope

of 1:48 (2%), in violation of Federal Law 2010, ADAAG § 502.4.   The Plaintiff encountered this slope in this parking space, and it made him unstable in his wheelchair.

h.   In the parking lot, the middle section of the parking space for disabled patrons in front of Ace Hardware with van access to the right of the parking space described in subparagraph (g) above as one faces Ace Hardware, has a change in level with a running slope at such change of level as steep as about 1:17.5 (5.7%) and steeper than a running slope of 1:48 (2%).   The middle section of this parking space has a running slope steeper than the maximum allowed slope of 1:48 (2%), in violation of Federal Law 2010, ADAAG § 502.4.   The Plaintiff encountered this slope in this parking space, and it made him unstable in his wheelchair.

i.   In the parking lot, the front section of the parking space for disabled patrons in front of Ace Hardware shown in the photograph below, has a change of level with a running slope as steep as about 1:6.5 (15.5%) and steeper than a slope of 1:48 (2%).   The front section of this parking space for disabled patrons has a running slope steeper than 1:48 (2%), in violation of Federal Law 2010, ADAAG § 502.4.   The Plaintiff observed this change in level and slope, and it deters him from visiting this Ace Hardware.



j.    In the parking lot, the front section of the parking space for disabled patrons in front of Ace Hardware, shown in the photograph in subparagraph (i) above, has a cross slope as steep as about 1:20.8 (4.8%) and steeper than a slope of 1:48 (2%).   The front section of this parking space for disabled patrons has a cross slope steeper than the maximum allowed slope of 1:48 (2%), in violation of Federal Law 2010, ADAAG § 502.4. The Plaintiff observed this change in level and slope, and it deters him from visiting this Ace Hardware.

k.    In the parking lot, the front section of the access aisle serving the disabled parking spaces in front of Natural Grocers, shown in the photograph below, has a running slope as steep as about 1:25.6 (3.9%) and steeper than a slope of 1:48 (2%).   The running slope of the front section of this access aisle has a running slope steeper than the maximum allowed

slope of 1:48 (2%), in violation of Federal Law 2010, ADAAG § 502.4.   The Plaintiff encountered this slope while moving in his wheelchair, and it made him unstable in his wheelchair.



l.    In the parking lot, the running slope of the front section of the access aisle serving the disabled parking spaces in front USPS and Ace Hardware is as steep as about 1:23 (4.3%) and steeper than a slope of 1:48 (2%).   The running slope in the front section of this parking space is steeper than the maximum allowed slope of 1:48 (2%), in violation of Federal Law 2010, ADAAG § 502.4.   The Plaintiff encountered this slope in this access aisle while moving in his wheelchair, and it made him unstable in his wheelchair.

m.    In the parking lot, the front section of the access aisle serving the disabled parking spaces in front of Ace Hardware has been resurfaced, has a change in level due to the

resurfacing, and has a running slope as steep as about 1:15.4 (6.5%) and steeper than a slope of 1:48 (2%).   The front section of this access aisle has a running slope steeper than the maximum allowed slope of 1:48 (2%), in violation of Federal Law 2010, ADAAG § 502.4.   The Plaintiff encountered this change in level and steep slope while moving in his wheelchair, and they made him unstable in his wheelchair.

n.    In the parking lot, the front and middle sections of the access aisle to the left of the entrance to Ace Hardware as one faces Ace Hardware has a running slope as steep as about 1:18.5 (5.4%) and steeper than a slope of 1:48 (2%).   The front and middle sections of this access aisle have running slopes steeper than the maximum allowed slope of 1:48 (2%), in violation of Federal Law 2010, ADAAG § 502.4.   The Plaintiff observed these slopes, and it deters him from visiting this Ace Hardware.

o.    In the parking lot, the access aisle serving the parking spaces for disabled patrons in front of Little Caesars is as steep as about 1:18.5 (5.4%) and steeper than a slope of 1:48 (2%).   The cross slope of this access aisle is steeper than the maximum allowed slope of 1:48 (2%), in violation of Federal Law 2010, ADAAG § 502.4.    The Plaintiff observed the slope of this access aisle, and it deters him from visiting this Little Caesars.

p.    The slope of the accessibility curb ramp side or flare in front of Ace Hardware is as steep as about 1:5.7 (17.4%) and steeper than slope of 1:10 (10%).   The slope of this accessibility curb ramp flare is steeper than the maximum allowed slope of 1:10 (10%), in violation of Federal Law 2010, ADAAG § 406.3.   The Plaintiff encountered this steep curb ramp flare while moving in his wheelchair, and he risked having his wheelchair overturn on it.

q.    The slope of the accessibility curb ramp side or flare in front of Natural Grocers

is about 1:6.2 (16.1%) and steeper than a slope of 1:10 (10%).   The slope of this accessibility curb ramp flare is steeper than the maximum allowed slope of 1:10 (10%), in violation of federal Law 2010, ADAAG § 406.3.   The Plaintiff encountered this steep curb ramp flare while moving in his wheelchair, and he risked having his wheelchair overturn on it.

   r.   The transition from the access aisle for the parking space marked for disabled patrons to the walkway of the accessible route to Natural Grocers contains a change of level of about 1 inch and more than a change of level of 0.25 inches.   This change of level is greater than the maximum allowed change of level of 0.25 inches, in violation of Federal Law 2010, ADAAG §§ 303.2 and 405.4.   The Plaintiff encountered this change of level while moving in his wheelchair and it stopped his forward movement, and he required assistance to move past this change of level.

   s.   The transition from the access aisle for the parking spaces marked for disabled patrons to the walkway of the accessible route to Natural Grocers contains a change of level of about 1 inch and more than a change of level of 0.25 inches.   This change of level is greater than the maximum allowed change of level of 0.25 inches, in violation of Federal Law 2010, ADAAG §§ 303.2 and 405.4.   The Plaintiff encountered this change of level while moving in his wheelchair and it stopped his forward movement, and he required assistance to move past this change of level.

   t.   The transition from the accessible route of the parking spaces for disabled patrons to the curb ramp leading to the walkway of the accessible route to Ace Hardware contains a change of level of about 1 inch and more than a change of level of 0.25 inches.   This change of level is greater than the maximum allowed change of level of 0.25 inches, in

violation of Federal Law 2010, ADAAG §§ 303.2 and 405.4.   The Plaintiff encountered this change of level while moving in his wheelchair and it stopped his forward movement, and he required assistance to move past this change of level.

**MEN'S RESTROOM IN ACE HARDWARE**

u.   The men's restroom door pull side maneuvering clearance in a front approach perpendicular to the doorway in Ace Hardware is blocked by shelves and is only about 9 inches and less than a clearance of 18 inches.   This door side maneuvering clearance is less than the minimum required clearance of 18 inches, in violation of Federal Law 2010, ADAAG § 404.2.4.   In his wheelchair the Plaintiff encountered this condition, and due to it, he required assistance to exit the men's restroom.

v.   In the men's restroom in Ace Hardware, the restroom door to the accessible toilet compartment does not have a door pull on both sides of the door near the latch.   This condition violates Federal Law 2010, ADAAG § 604.8.1.2.   The Plaintiff encountered the lack of a door pull on the inside of the door in this compartment, and he could not fully close this door.

w.   In the men's restroom in Ace Hardware, the vertical change in level of the floor is about 0.75 inches at the drain in the accessible toilet compartment and is a greater change in level than 0.25 inches.   This change of level violates Federal Law 2010, ADAAG § 303.2.   The Plaintiff encountered this change of level while backing up his wheelchair after he transferred himself from the toilet to his wheelchair.   The wheel of his wheelchair got stuck in this drain, and he required assistance to exit this toilet compartment.

x.   In the men's restroom in Ace Hardware, the urinal rim is about 25 inches above the finish floor and higher than 17 inches above the finish floor.   This urinal rim is higher

than the maximum allowed height of 17 inches above the finish floor, in violation of Federal Law 2010, ADAAG § 605.2.   The Plaintiff observed this condition, and it deters him from visiting this Ace Hardware.

y.   In the men's restroom in Ace Hardware, the space between the side wall gab bar and the toilet paper dispenser above it is about 6 inches and less than 12 inches.   The space between the side wall grab bar and the toilet paper dispenser above it is less than the minimum required space of 12 inches, in violation of Federal Law 2010, ADAAG § 609.3. The Plaintiff had difficulty transferring himself from his wheelchair to the toilet and back again due to this lack of space between grab bar and toilet paper dispenser.

z.   In the men's restroom in Ace Hardware, the door latch requires tight grasping, pinching, or twisting of the wrist and cannot be opened with a closed fist or loose grip. This door latch requires tight grasping, pinching, or twisting of the wrist, in violation of Federal Law 2010, ADAAG § 309.4 and contrary to the advisory in § 404.2.7.   The Plaintiff could not open this door latch with a closed fist or loose grip.

**WOMEN'S RESTROOM IN ACE HARDWARE**

aa.   In the women's restroom in Ace Hardware, the accessible toilet compartment does not have a door pull on both sides of the door near the latch.   This condition violates Federal Law 2010, ADAAG § 604.8.1.2.   Due to this condition, the Plaintiff had difficulty opening this door, and he could not close it completely.

bb.   In the women's restroom in Ace Hardware, the space between the side wall gab bar and the toilet paper dispenser above it is about 8 inches and less than 12 inches.   The space between the side wall grab bar and the toilet paper dispenser above it is less than the minimum required space of 12 inches, in violation of Federal Law 2010, ADAAG § 609.3.

The Plaintiff had difficulty transferring himself from his wheelchair to the toilet and back again due to this lack of space between grab bar and toilet paper dispenser.

cc.   In the women's restroom in Ace Hardware, the toilet paper dispenser centerline is about 22 inches from the front of the water closet or toilet.   The centerline of this toilet paper dispenser is not between a minimum of 7 inches and a maximum of 9 inches from the front of the water closet, in violation of Federal Law 2010, ADAAG § 604.7.   The Plaintiff could not reach this toilet paper dispenser from the toilet.

dd.   In the women's restroom in Ace Hardware, the toilet in the accessible toilet compartment does not have the flush control mounted on the open and wide side of the clear floor space.   This condition violates Federal Law 2010, ADAAG § 604.6.   Due to the location of the flush control on the toilet, the Plaintiff could not flush the toilet on his own.

ee.   In the women's restroom in Ace Hardware, the door latch requires tight grasping, pinching, or twisting of the wrist and cannot be opened with a closed fist or loose grip. This door latch requires tight grasping, pinching, or twisting of the wrist, in violation of Federal Law 2010, ADAAG § 309.4 and contrary to the advisory in § 404.2.7.   The Plaintiff could not open this door latch with a closed fist or loose grip.

**MEN'S RESTROOM IN NATURAL GROCERS**

ff.   The force needed to open the men's restroom door in Natural Grocers is about 13 pounds and more than 5 pounds.   The force needed to open this door is greater than the maximum allowed force of 5 pounds (22.2 N), pertaining to the continuous application of force necessary to fully open a door, in violation of Federal Law 2010, ADAAG § 404.2.9. Due to the force necessary to open the door to the men's restroom, the Plaintiff required

assistance to open this door and to enter the men's restroom.

gg.   In the men's restroom in Natural Grocers, the restroom door pull side maneuvering clearance in a front approach beyond the latch and parallel to the doorway is blocked by a trash can.   A minimum of 18 inches of such maneuvering clearance is not provided, in violation of Federal Law 2010, ADAAG § 404.2.4.   Due to this condition, the Plaintiff had difficulty exiting the men's restroom.

hh.   In the men's restroom in Natural Grocers, a door pull is not provided on both sides of the accessible toilet compartment door near the latch.   This condition violates Federal Law 2010, ADAAG § 604.8.1.2.   Due to this condition, the Plaintiff had difficulty opening and closing this door.

ii.   In the men's restroom in Natural Grocers, the accessible toilet compartment door swings into the compartment area.   Due to this door swinging into the accessible toilet compartment area, the compartment does not have enough clear floor space to maneuver a wheelchair, in violation of Federal Law 2010, ADAAG § 604.8.1.2.   Due to this door swinging into the accessible toilet compartment, the Plaintiff could not fully close the door once he entered the compartment in his wheelchair.

jj.   In the men's restroom in Natural Grocers, the rear wall grab bar in the accessible toilet compartment only extends about 10 inches on one side and about 26 inches on the other side from the centerline of the water closet or toilet.   This rear wall grab bar does not extend a minimum of 12 inches (305 mm) on one side and 24 inches (610 mm) on the other side of the centerline of the water closet, in violation of Federal Law 2010, ADAAG § 604.5.2.   The Plaintiff encountered this condition, and it made it difficult for him to transfer from his wheelchair to sit on the toilet.

kk.   In the men's restroom in Natural Grocers, the lavatory pipes under the sink are only partially insulated.   This condition violates Federal Law 2010, ADAAG § 606.5.   In his wheelchair the Plaintiff used this sink, and due to the lack of complete insulation of the pipes under the sink, he risked skin burns and injury to his legs.

ll.   In the men's restroom in Natural Grocers, the paper towel dispenser outlet is about 55 inches above the finish floor and more than 48 inches above the finish floor.   The paper towel dispenser is outside the reach range of an individual in a wheelchair of a maximum of 48 inches (1220 mm) above the finish floor, in violation of Federal Law 2010, ADAAG § 308.2.1.   From his wheelchair, the Plaintiff could not reach this paper towel dispenser outlet.

**WOMEN'S RESTROOM IN NATURAL GROCERS**

mm.   In the women's restroom in Natural Grocers, the restroom entrance door pull side maneuvering clearance in a front approach perpendicular to the doorway is blocked by the accessible toilet compartment and is only about 39 inches and is less than 60 inches.   This door pull side maneuvering clearance in a front approach perpendicular to the doorway is less than the minimum required clearance of 60 inches, in violation of Federal Law 2010, ADAAG § 404.2.4.   Due to this lack of clearance, the Plaintiff required assistance to exit the women's restroom.

nn.   In the women's restroom in Natural Grocers, the accessible toilet compartment does not have a door pull on both sides of the door near the latch.   This condition violates Federal Law 2010, ADAAG § 604.8.1.2.   Due to this condition, the Plaintiff had difficulty opening this door, and he could not close it completely.

oo.   In the women's restroom in Natural Grocers, the lavatory pipes under the sink are

only partially insulated.   This condition violates Federal Law 2010, ADAAG § 606.5.   In his wheelchair the Plaintiff used this sink, and due to the lack of complete insulation of the pipes under the sink, he risked skin burns and injury to his legs.

pp.   In the women's restroom in Natural Grocers, the paper towel dispenser is about 4 feet above the finish floor and it protrudes horizontally into the circulation path about 10 inches and more than 4 inches.   This paper towel dispenser has a leading edge more than 27 inches (685 mm) and not more than 80 inches (2030 mm) above the finish floor and protrudes horizontally into the circulation path more than 4 inches (100 mm), in violation of Federal Law 2010, ADAAG § 307.2.   The Plaintiff encountered this paper towel dispenser while moving in his wheelchair.

qq.   In the women's restroom in Natural Grocers, a trash can is located under the paper towel dispenser.   A clear floor space of 30 inches by 48 inches for use of the paper towel dispenser is not provided due to a trash can located under this dispenser, in violation of Federal Law 2010, ADAAG §§ 305.7 and 606.2.   In his wheelchair, the Plaintiff's forward approach to this paper towel dispenser was blocked by this trash can.

40.   All of the foregoing violations are also violations of the 1991 Americans with Disability Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

41.   The discriminatory violations described in paragraph 39 are not an exclusive list of the Defendants' ADA violations.   Plaintiff requires the inspection of the Defendants' places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.   In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' places of public accommodation in order to

determine all of the areas of non-compliance with the Americans with Disabilities Act.

42.     The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendants' building and its facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above.   The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

43.     Defendants have discriminated against the individual by denying individuals access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.

44.     Furthermore, the Defendants continue to discriminate against the Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

45.     Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendants, a remedy in equity is warranted.

46.     Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR

36.505.

47.     Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendants' places of public accommodation since January 26, 1992, then the Defendants are required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendants' facilities are ones which were designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendants' facilities must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

48.     Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).   All other conditions precedent have been met by Plaintiff or waived by the Defendants.

49.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff injunctive relief, including an order to require the Defendants to alter the Main Street Marketplace, Ace Hardware and Natural Grocers and the parking lot and walkways to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facilities until such time as the Defendants cure their violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a.      The Court issue a Declaratory Judgment that determines that the Defendants are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. at the commencement of the subject lawsuit.

b.      Injunctive relief against the Defendants including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c.      An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205, 28 U.S.C. § 1920, 42 U.S.C. § 2000e-5(k), and 42 U.S.C. § 12117(a).

d.      Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

## **DESIGNATION OF PLACE OF TRIAL**

Plaintiff, Fred Nekouee, by and through his undersigned counsel, hereby designates

Denver, Colorado as the place of trial for this action.

Respectfully submitted,

s/Robert J. Vincze_____
Robert J. Vincze (CO #28399)
Law Offices of Robert J. Vincze
PO Box 792
Andover, Kansas 67002
Phone: 303-204-8207
Email: vinczelaw@att.net

*Attorney for Plaintiff Fred Nekouee*